UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAULA CROFT and VERNON CROFT, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Case No. 4:21-cv-00088-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant's Motion to Stay. Dkt. 32. In its Motion, Defendant Experian Information Solutions, Inc. ("Experian") asks the Court to stay proceedings until the Ninth Circuit issues its ruling and mandate in two substantially similar cases. Plaintiffs Paula and Vernon Croft oppose the stay request.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS the Motion to Stay.

## II. BACKGROUND

In 2018, the Crofts petitioned for Chapter 7 bankruptcy and received a discharge in

February 2019. The Crofts allege that their Wells Fargo mortgage loan was among the debts discharged in their bankruptcy. They further allege that Experian inaccurately reported their Wells Fargo mortgage account as open with a balance after the discharge. Accordingly, the Crofts sued Experian under the Fair Credit Reporting Act, particularly 15 U.S.C. § 1681e(b).

Like the Crofts, other consumers have brought lawsuits against Experian with the same factual and legal allegations. Two of those cases are now on appeal at the Ninth Circuit after the Central District of California dismissed both cases with prejudice. *Wheeler v. Experian Info. Sols., Inc.*, No. 21-55585 (9th Cir. appeal filed June 4, 2021); *Hernandez v. Experian Info. Sols., Inc.*, No. 21-55588 (9th Cir. appeal filed June 4, 2021). And a third case, which is in the District of Hawaii, was recently stayed pending the outcome of the *Wheeler* and *Hernandez* appeals. *Leslie v. Experian Info. Sols., Inc.*, No. 1:21-cv-000334 (D. Haw. Dec. 16, 2021).[1] The Ninth Circuit has scheduled oral argument in both appeals for March 7, 2022.

The instant case is in the discovery stage. There are two pending motions for protective orders. Dkts. 22, 25.

### III. LEGAL STANDARD

The power to issue a stay "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself,

---

[1] The Court takes judicial notice of *Wheeler v. Experian Information Solutions, Inc.*, No. 21-55585 (9th Cir. appeal filed June 4, 2021); *Hernandez v. Experian Information Solutions, Inc.*, No. 21-55588 (9th Cir. appeal filed June 4, 2021); and *Leslie v. Experian Information Solutions, Inc.*, No. 1:21-cv-000334 (D. Haw. Dec. 16, 2021). *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (explaining a court "may take judicial notice of court filings and other matters of public record").

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In assessing a stay request, courts weigh three competing interests: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," then the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## IV. DISCUSSION

Experian requests a stay until the Ninth Circuit decides *Wheeler* and *Hernandez*. Experian contends that the Ninth Circuit's decision in those two cases will greatly impact the merits of the present case and will alter the need for discovery. Meanwhile, the Crofts argue that a stay is inappropriate because a stay could cause them to lose evidence. To start its analysis, the Court compares the allegations and claims in the instant case with those in *Wheeler* and *Hernandez*. The Court then assesses whether a stay, pending the Ninth Circuit's decisions in those cases, is appropriate.

### A. *Wheeler* and *Hernandez*

In *Wheeler*, a consumer is appealing the district court's decision to grant Experian's

motion for judgment on the pleadings.² *See Wheeler v. Trans Union*, 2021 WL 2290575 (C.D. Cal. June 4, 2021). In his complaint, the consumer alleged that after he was discharged from Chapter 7 bankruptcy, Experian inaccurately reported a Wells Fargo account open with an outstanding balance. *Id.* at *1. He brought a cause of action against Experian for violating the Fair Credit Reporting Act. *Id.* The district court dismissed the claim on collateral estoppel grounds after determining that the case "falls squarely within the purview of the White Order," which was entered in a class action settlement in 2008.³ *Id.* at *3.

Similarly, in *Hernandez*, a consumer is appealing the district court's decision to grant Experian's motion to dismiss.⁴ *See Hernandez v. Experian Info. Sols., Inc.*, 2021 WL 2325019, at *1 (C.D. Cal. June 4, 2021). There too the consumer alleged that after she was discharged from Chapter 7 bankruptcy, Experian inaccurately reported a credit card account open with an outstanding balance. *Id.* at *1. The consumer brought one cause of action against Experian for violating the Fair Credit Reporting Act. *Id.* at *2. The district court dismissed the claim after determining the reporting errors resulted from procedures

---

² The Court takes judicial notice of the *Wheeler* complaint: *Wheeler v. Trans Union LLC*, No. 2:20-cv-11710-DOC-RAO (C.D. Cal. Dec. 29, 2020) (ECF No. 1, Complaint). A copy of the complaint is included in the instant cases' record at Docket 32-5.

³ The White Order "applies when a [credit reporting agency] has received a Chapter 7 bankruptcy discharge but neither the furnisher nor the consumer has informed the [credit reporting agency] whether the debt was discharged in bankruptcy." *Wheeler*, 2021 WL 2290575, at *2. It "preclude[s] all future litigation or attempted litigation under the FCRA . . . regarding the reasonableness of Defendants' post-discharge reporting of Consumer credit information relating to pre-bankruptcy debts." *Id.* at *3 (quoting *White v. Experian Info. Sols., Inc.*, 2008 WL 11518799, at *14 (C.D. Cal. Aug. 19, 2008)).

⁴ The Court takes judicial notice of the *Hernandez* complaint: *Hernandez v. Experian Info. Sols., Inc.*, No. 2:20-cv-09908-DOC-RAO (C.D. Cal. Feb. 12, 2021) (ECF No. 24, First Amended Complaint). A copy of the complaint is included in the instant case's record at Docket 32-7.

MEMORANDUM DECISION AND ORDER - 4

deemed reasonable in the White Order. *Id.* at *4–5.

The consumers in *Wheeler* and *Hernandez* are appealing. They both argue that the White Order does not apply to the facts of their cases and that the district court erred in finding that Experian's procedures are reasonable. *See* Brief for Appellant, *Wheeler v. Experian Info. Sols., Inc.*, No. 21-55585 (9th Cir. Oct. 13, 2021), 2021 WL 4929927, at 21–23; Brief for Appellant, *Hernandez v. Experian Info. Sols., Inc.*, No. 21-55588 (9th Cir. Oct. 13, 2021), 2021 WL 4929933, at 22–25.

In the instant case, the Crofts bring a case under the same general fact pattern: they petitioned for Chapter 7 bankruptcy, their debts were discharged, and after the discharge, Experian inaccurately reported a Wells Fargo account as open with a balance. The cause of action is also the same: a violation of the Fair Credit Reporting Act. At present, dispositive motions have not been filed in the Crofts' case.

## B. Stay Pending Outcome of the Appeals

At the outset, the Court notes that the procedural posture of this case is different than that in *Leslie*—the case the District of Hawaii stayed pending the outcome of the *Wheeler* and *Hernandez* appeals. In *Leslie*, there was a pending motion to dismiss when the district court stayed the case. Here there are no pending dispositive motions, and the parties are engaged in discovery. Thus, the hardships to the Crofts if the stay is granted, and to Experian if the case proceeds, revolve around discovery.

### 1. *Potential Damage to Nonmoving Party*

The Crofts contend that a stay would potentially cause damage to them in the loss

of third-party discovery. Some of the evidence the Crofts believe they need is in Wells Fargo's possession. They argue that Wells Fargo may lose this evidence during the stay. Experian counters that discovery has been open for approximately seven months, yet the Crofts have not made efforts to obtain discovery from Wells Fargo.

The risk of losing evidence is something courts consider when determining whether a stay may potentially damage the nonmoving party. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "The risk is greater when important documents are under the control of third parties, as these entities might not be obligated to preserve that evidence." *LG Elecs., Inc. v. Eastman Kodak Co.*, 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009). However, the nonmoving party must show that this risk is more than speculation. *See Trim v. Mayvenn, Inc.* 2020 WL 6460543, at *3 (N.D. Cal. Nov. 3, 2020) ("[Plaintiff's] concern that the requested stay will result in a loss of evidence is, in the absence of supporting facts, no more than speculation, particularly given the likely short duration of the stay."); *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) ("[Plaintiffs] cite to a 'significant risk' that evidence necessary to prove their ERISA claims will be lost or destroyed during the pendency of a stay. This nebulous contention is entirely unsupported, however; just *what* evidence is at risk and *how* it could possibly be lost or destroyed is a mystery.").

The Crofts' concern about losing evidence held by Wells Fargo is more than pure speculation. They have identified the specific evidence they believe is in Wells Fargo's possession. Neither Experian nor the Crofts possess this exact evidence. However, the Crofts do not have a specific reason to believe that Wells Fargo will destroy this evidence

MEMORANDUM DECISION AND ORDER - 6

during the stay. They merely suggest that there is a possibility the evidence will be destroyed. Further, during the months of discovery thus far, the Crofts have not attempted to obtain any evidence from Wells Fargo. Moreover, the Court does not expect this to be a long stay.[5] Therefore, this factor cuts against staying the case but only slightly.

### 2. Hardship to Moving Party

Experian argues that if the case is not stayed, it will face hardship in the form of burdensome and disproportionate discovery. Experian contends that the Ninth Circuit's decision may alleviate the need for any further discovery, and, if not, the decision would at least likely narrow the scope of discovery by providing valuable insight into how this type of case should proceed. The Crofts respond that continuing discovery is not a hardship at all but rather an ordinary cost of litigation.

"[A]dditional litigation expense is generally not enough (by itself) to warrant a stay . . . ." *Nat. Res. Def. Council, Inc. v. Cnty. of L.A.*, 2015 WL 13385916, at *5 (C.D. Cal. May 14, 2015). However, where, as here, a forthcoming decision "may render previous discovery efforts obsolete or moot," this factor weighs in favor of staying a case. *NWDC Resistance v. Immigr. & Customs Enf't*, 2021 WL 1840834, at *2 (W.D. Wash. April 8, 2021); *cf. Branch Banking & Trust Co. v. Desert Canyon Phase II, LLC*, 2013 WL 2232728, at *4 (D. Nev. May 17, 2013) (denying a motion to stay where moving party did not "articulate[] how proceeding with and completing discovery in this case will be more

---

[5] While there is no set timeline for the Ninth Circuit to decide *Wheeler* and *Hernandez*, oral argument is set for March 7, 2022.

efficient to the court or the parties if the stay is granted" and did "not explain what discovery would be unnecessary depending on the outcome of the appeals"). Discovery disputes—such as the competing motions for protective order currently pending in this case—are relevant to this analysis. *See, e.g.*, *Nat. Res. Def. Council, Inc.*, 2015 WL 13385916, at *4–5; *NWDC Resistance*, 2021 WL 1840834, at *2.

The Court finds that this factor cuts in favor of granting the stay.

### 3. *Orderly Course of Justice*

The final consideration is "the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268. This case is substantially similar to *Wheeler* and *Hernandez*. If the Ninth Circuit affirms the lower court in those cases, then the Court would anticipate a motion to dismiss or a motion for judgment on the pleadings.[6] Of course, the Crofts contend that this case would be distinguishable from the Ninth Circuit's rulings in *Wheeler* and *Hernandez*, and it may be; however, the Ninth Circuit's decision, whether affirming or reversing the lower court, will certainly bear on the issues, proof, and questions of law in this case.

The Court does not lightly consider interrupting discovery. However, the Ninth Circuit's decision in *Wheeler* and *Hernandez* will most likely affect the scope of discovery as well as the merits of the case. Experian contends the Ninth Circuit's decision may narrow

---

[6] Experian has represented as much: "If the Court stays this action, and if the Ninth Circuit affirms the *Wheeler and Hernandez* judgments, Experian intends to promptly move for judgment on the pleadings in this case, permitting resolution without the burdens of further discovery and summary judgment, let alone trial." Dkt. 40, at 7.

the scope of discovery or eliminate the need for further discovery altogether, Dkt. 32-1, at 11, while the Crofts contend that it may actually broaden the scope of discovery. Dkt. 37, at 11. Discovery to this point has been contentious. Presently pending are competing motions for protective order. Dkts. 22, 25. And a motion to compel may be looming. Dkt. 32, at 11 ("Plaintiffs also have threatened Experian with a motion to compel to seek additional confidential documents that Experian does not consider relevant or proportional to Plaintiffs' claims."). Because the outcome of the appeals is most likely going to alter the parties' discovery needs, the Court finds that this factor cuts in favor of granting the stay now rather than after the conclusion of discovery.

Considering all three of *CMAX* factors, the Court in its discretion concludes that the hardship of continuing the case and the orderly course of justice outweigh the potential damage to the Crofts. Therefore, the Court GRANTS the Motion and STAYS this case pending the Ninth Circuit's resolution of *Wheeler* and *Hernandez*. Accordingly, the Court DENIES AS MOOT the Stipulated Motion to Extend Deadlines (Dkt. 41).

## V. ORDER

The Court HEREBY ORDERS:

1. This case is STAYED pending resolution of the *Wheeler* and *Hernandez* appeals before the Ninth Circuit.

2. The parties are directed to file a notice with this court once the Ninth Circuit reaches a decision in *Wheeler* and *Hernandez*. If a party believes that the stay should be lifted before the Ninth Circuit issues its mandates in *Wheeler* and *Hernandez*, that party may file a motion to lift the stay.

MEMORANDUM DECISION AND ORDER - 9

3. The Stipulated Motion to Extend Deadlines (Dkt. 41) is DENIED AS MOOT.

DATED: March 2, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10